# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **LISA G. CORKERIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | **7:12-cv-2730-AKK** |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Plaintiff Lisa G. Corkerin ("Corkerin") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence. Therefore, for the reasons elaborated herein, the court will affirm the decision denying benefits.

### I. Procedural History

Corkerin , whose past relevant experience includes work as a sales clerk, filed an application for Title XVI Supplemental Security Income on July 24, 2008, alleging a disability onset date of December 15, 2007, due to chronic obstructive pulmonary disease, and osteoarthritis of the hips and lumbar spine. (R. 28, 131). After the SSA

denied Corkerin's claim, she requested a hearing before an ALJ. (R. 73-74). The ALJ subsequently denied Corkerin's claim, (R. 25-34), which became the final decision of the Commissioner when the Appeals Council refused to grant review. (R. 1-6). Corkerin then filed this action for judicial review pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). Doc. 1.

## II. Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *See* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g) mandates that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the

Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings.  *See Martin*, 894 F.2d at 1529.  While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance."  *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis.  20 C.F.R. § 404.1520(a)-(f).  Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

### IV.  The ALJ's Decision

In performing the five step analysis, the ALJ found that Corkerin had not engaged in substantial gainful activity since July 24, 2008, and, therefore, met Step One. (R. 30). Next, the ALJ found that Corkerin satisfied Step Two because she suffered from the severe impairments of "osteoarthritis of the hips and lumbar spine with scoliosis (all mild by objective x-ray findings), obesity, and chronic obstructive pulmonary disease (COPD)." *Id*. The ALJ then proceeded to the next step and found that Corkerin failed to satisfy Step Three because she "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (R. 31). Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four where he determined that Corkerin has the residual functional capacity (RFC) to perform

> light work as defined in 20 CFR 416.967(b) with the following limitations: occasionally climb ramps/stairs and never climb ladders/ropes/scaffolds; no overhead reaching bilaterally; no work at unprotected heights or around

  dangerous, moving, unguarded machinery; and no exposure to
  concentrations of dust, fumes and other lung and bronchial irritants.

*Id.*  In light of Corkerin's RFC, the ALJ found that she was "capable of performing past relevant work as a sales clerk." (R. 34). Therefore, the ALJ found that Corkerin "has not been under a disability, as defined in the Social Security Act, since July 24, 2008, the date the application was filed." *Id.*

## V. Analysis

  The court now turns to Corkerin's contentions that the ALJ erred because he (1) did not give proper weight to the opinion provided by her treating physician; (2) failed to recontact her treating physician; and (3) gave great weight to the opinion of the State agency reviewing physician. *See* doc. 8 at 7-14. The court addresses each contention in turn.

  A. <u>The ALJ properly considered the opinion provided by Corkerin's treating physician.</u>

  Corkerin's primary contention on appeal is that the ALJ failed to give proper weight to the statement provided by Dr. Margaret Morr, one of her treating physicians, who wrote a letter stating that Corkerin "suffers severely from pain from hip arthritis and lumbar degenerative arthritis" and "has bulging discs in her low back that severely limits her ability to work." (R. 338). In determining how much weight to give Dr. Morr's opinion, the ALJ had to consider several factors, including whether Dr. Morr (1) has examined Corkerin; (2) has a treating relationship with Corkerin; (3) presented medical evidence and explanation supporting her opinion; (4) provided an opinion that is

consistent with the record as a whole; and (5) is a specialist. *See* 20 C.F.R. § 416.927(c). Where, as here, the physician is a treating physician, if an ALJ "find[s] that a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence," the ALJ must give it "controlling weight." 20 C.F.R. § 416.927(c)(2). Moreover, in this circuit, "the testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). "Good cause" exists when the evidence does not bolster the treating physician's opinion; a contrary finding is supported by the evidence; or the opinion is conclusory or inconsistent with the treating physician's own medical records. *Id*. Finally, if the ALJ rejects a treating physician's opinion, "[t]he ALJ must clearly articulate the reasons for giving less weight to the opinion . . . and the failure to do so is reversible error." *Id.*

In evaluating Dr. Morr's opinion, consistent with the law, the ALJ observed that "[w]hile opinions from treating sources are generally given great weight, they must be supported by treatment records or by other medical sources." (R. 33). However, the ALJ found that "[i]n this case, it is not." *Id.* The court finds no error because the ALJ's discussion of the medical evidence shows that the ALJ had good cause to reject Dr. Morr's opinions. For example, the ALJ noted the inconsistency in Dr. Morr's opinion by observing that Dr. Morr consistently noted Corkerin had no instability and a normal

gait. (R. 32); s*ee Lewis,* 125 F.3d at 1440 (opinion is inconsistent with the physician's own medical records). The ALJ also noted that although Dr. Morr reported Corkerin "experienced 'general' tenderness of the right hip and was noted to have 'severely limited' range of motion, it was self-limiting due to complaints of pain." (R. 32). Regarding these findings, the ALJ observed that treatment notes from Capstone Rural Health Center show that Corkerin "walked with a normal gait with no visible scoliosis and full range of motion throughout" and that "[s]pecifically, she was noted to have full hip range of motion bilaterally with no pain." (R. 32, 326). The ALJ further observed that "[h]ip x-rays only showed 'mild' osteoarthritis of the hips, and a current MRI showed only 'mild to moderate' diskogenic and facet degenerative changes with 'mild to moderate' right neural foraminal narrowing 'slightly' crowding the right L5 Nerve root." (R. 32, 166, 335). The ALJ also noted that Dr. Morr is not a specialist. (R. 33); s*ee* 20 C.F.R. § 416.927(c)(5) (more weight is generally given to the opinion of a specialist). Further the ALJ observed that even though Dr. Morr "opines that [Corkerin] has bulging disks [Dr. Morr] has never referred her to a specialist for further evaluation and treatment which would further support h[er] treatment records." (R. 33).

    Put simply, the ALJ considered the factors set forth in the regulations and, consistent with this circuit's pain standard, articulated good cause why he gave Dr. Morr's opinions limited weight. Specifically, the ALJ found that Dr. Morr's opinion was inconsistent with Dr. Morr's own treatment notes and with the medical evidence. Therefore, the ALJ had good cause for rejecting Dr. Morr's opinions, and committed no

reversible error. *See Lewis*, 125 F.3d at 1440 ("good cause" exists when physician's opinion is inconsistent with own records, a contrary finding is supported by the evidence, and the evidence does not bolster physician's opinion); 20 C.F.R. § 416.927(c)(2) (opinion must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques" to receive controlling weight).

    B.    <u>The ALJ was not required to recontact Dr. Morr.</u>

The court is not persuaded by Corkerin's second contention that the ALJ should have recontacted Dr. Morr for clarification if he had doubts about the basis of Dr. Morr's opinions. Doc. 8 at 10-11. Under the relevant regulation in effect at the time,[1] the ALJ only had a duty to contact Dr. Morr if there was insufficient medical evidence to allow the ALJ to determine whether Corkerin was disabled:

> When the evidence we receive from your treating physician or psychologist or other medical source is *inadequate for us to determine whether you are disabled,* we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.
>
> > (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available.

---

[1] New regulations regarding recontacting of medical sources went into effect on March 26, 2012. 77 Fed. Reg. 10651-01 (February 23, 2012). Under the new regulations, recontacting a medical source is within the discretion of the ALJ. *See* 20 C.F.R. § 404.1520b(c)(1) ("We *may* recontact your treating physician . . . .") (emphasis added).

20 C.F.R. § 404.912(e)(2010) (emphasis added).  Here, the medical evidence included extensive treatment notes, diagnostic testing, and a consultative examination by Dr. Will Crouch.  Consequently, because sufficient medical evidence from other treating and examining sources existed to allow the ALJ to make an informed disability determination, the ALJ had no obligation to recontact Dr. Morr.

Corkerin's contention also misses the mark because she has not shown how the ALJ's failure to contact Dr. Morr resulted in an unfair proceeding or clear prejudice.  Before remanding for further development of the record, a reviewing court must consider "whether the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.'" *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir.1982) (quoting *Ware v. Schweiker*, 651 F.2d 408, 413 (5th Cir. Unit A July 1981).  Because there are no evidentiary gaps in the record that prevented the ALJ from making a conclusive determination regarding her disability, Corkerin has not established the requisite prejudice, and remand for development of the record is not required.

    C.    <u>The ALJ properly considered the opinions of the State agency reviewing physician.</u>

Finally, Corkerin contends that the ALJ improperly gave greater weight to the opinions of Dr. Robert Heilpern, the State agency reviewing physician, who did not examine Corkerin.  Doc. 8 at 10-12.  The court notes that an ALJ must consider the findings of a State agency medical consultant, who is considered an expert, and must explain the weight given to such findings in the same way as with other medical sources.

*See* 20 C.F.R. § 416.927(e)(2).  Consistent with the regulations, although the ALJ gave Dr. Heilpern's opinion "great weight," he explained that "[a]s a non-examining medical source, the opinion of [Dr. Heilpern] can be given weight only insofar as it is supported by evidence in the case record," and that Dr. Heilpern's "assessment in this case is an accurate statement of Corkerin's functional limitations."  (R. 33-34).  Finally, although an ALJ "may rely on opinions of nonexamining sources when they do not conflict with those of examining sources," *Milner v. Barnhart*, 275 F. App'x 947, 948 (11th Cir. 2008) (unpublished) (citing *Edwards v. Sullivan*, 937 F.2d 580, 584–85 (11th Cir.1991), no conflict with the opinions of examining sources exists here because the ALJ properly rejected the opinions of Dr. Morr.  *See supra* Section V.A.  Therefore, the court finds the ALJ did not give excessive weight to Dr. Heilpern's opinions.

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Corkerin is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination.  Therefore, the Commissioner's final decision is **AFFIRMED**.  A separate order in accordance with the memorandum of decision will be entered.

Done this 21st day of July, 2014.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE